UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
QUEEN PRIMYAH PAYNES EL BEY,                          :
                                                      :
                              Plaintiff,              :        **MEMORANDUM & ORDER**
                                                      :        20-CV-3031 (WFK)(LB)
                      v.                              :
                                                      :
McDONALD'S; McDONALD'S                                :
HEADQUARTERS,                                         :
                                                      :
                              Defendants.             :
---------------------------------------------------------------X
**HON. WILLIAM F. KUNTZ, II, United States District Judge:**

Before this Court is the pro se Plaintiff's letter, ECF No. 12, which this Court construes

as a motion for reconsideration under Rule 60 of the Federal Rules of Civil Procedure.  For the

reasons that follow, the motion is DENIED.

## BACKGROUND

On July 21, 2020, Plaintiff filed this action against a Brooklyn McDonald's restaurant

and McDonald's Illinois headquarters alleging discrimination by the Brooklyn McDonalds

employees during Plaintiff's January 24, 2020 visit in which she placed food orders on behalf of

unnamed homeless citizens.  ECF No. 1.  By Order dated July 24, 2020, the Complaint was

dismissed, and Plaintiff was granted thirty days of leave to file an amended complaint that

asserted a basis for this court's subject matter jurisdiction and facts in support of her[1] claim.

ECF No. 4.  Plaintiff failed to file an amended complaint and, on September 8, 2020, the

complaint was dismissed *sua sponte* for failure to state a claim on which relief may be granted.

---
[1] The July 24, 2020 Order dismissed without prejudice the public accommodation
discrimination claims of the unidentified homeless citizens because Plaintiff, as a non-attorney
proceeding pro se, may not bring a complaint on behalf of others without a lawyer.  ECF No. 4 at
3.

ECF No. 5.  On September 9, 2020, the Clerk of Court entered judgment dismissing the complaint and closed this case.  ECF No. 6.  By Orders dated February 5, 2021 and March 26, 2021, the Court denied Plaintiff's motion to reopen the case.  ECF Nos. 7, 9.

## MOTION FOR RECONSIDERATION

Rule 60(b) allows the Court to relieve a party from a final judgment in certain circumstances, including "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgement that has been reversed or vacated; or applying it prospectively is no longer equitable;  or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).  "Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986); *see also Ruotolo v. City of New York,* 514 F.3d 184, 191 (2d Cir. 2008) (explaining Rule 60(b) is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances") (citation and quotation marks omitted).  "A Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided." *Djenasevic v. New York*, 17-CV-6366, 2019 WL 2330854, at *2 (E.D.N.Y May 30, 2019) (Brodie, J.) (quoting *Maldonado v. Local 803 I.B. of Tr. Health & Welfare Fund*, 490 F. App'x 405, 406 (2d Cir. 2013) (summary order)) (internal quotation marks omitted).

This case was dismissed for failure to state a claim because, even liberally construing the action as arising under Title II of the Civil Rights Act of 1964 and the Americans with Disabilities Act, the complaint failed to assert sufficient facts to state a plausible claim under either of these statutes.

2

Because Plaintiff did not cite any new facts or make any new arguments that even suggest circumstances giving rise to a federal claim against Defendants, the case could not be reopened. Even liberally construing Plaintiff's letter, she has failed to advance any reasons justifying reopening the case, or that she possesses a meritorious claim. Accordingly, Plaintiff's motion for reconsideration is denied.

## MOTION FOR RECUSAL

Plaintiff also filed a motion for recusal. On June 16, 2021, the Court denied the motion for recusal. The reasons for the denial are as follows. In support of her motion, she alleges that this Court is "bias[ed]" and denied her "justice by denial to re-open." ECF No. 14 at 1. Recusal, of course, is governed by a rule. "A judicial officer is disqualified by law from acting in any proceeding in which the officer's impartiality might reasonably be questioned." *Koehl v. Bernstein*, 740 F.3d 860 863 (2d Cir. 2014) (quoting 28 U.S.C. § 455(a)) (internal quotation marks and alterations omitted). The Supreme Court has held that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Plaintiff has failed to articulate any bias or prejudice on the part of the undersigned with respect to this case—indeed, there is none—and merely makes conclusory assertions designed to disparage the Court. The motion for recusal is meritless because Plaintiff has not identified any valid basis for this Court's recusal and is therefore DENIED.

## CONCLUSION

Plaintiff's motions for reconsideration and for recusal are DENIED. The Clerk of Court is directed to transmit Plaintiff's "Complaint of Judicial Misconduct or Disability," ECF No. 13, erroneously filed in this Court, to the Judicial Council for the Second Circuit. *See* Rule 7 of the Rules for Judicial-Conduct and Judicial-Disability Proceedings.

3

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

s/ WFK

HON. WILLIAM F. KUNTZ, II
U.S. DISTRICT JUDGE

Dated: June 28, 2021
      Brooklyn, New York